United States District Court
Southern District of Texas
**ENTERED**
October 28, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES A. LOTT, TDCJ #01647073, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-2954 |
| | § | |
| BRYAN COLLIER, *ET AL.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed a lawsuit under 42 U.S.C. § 1983 against Texas Department of Criminal Justice ("TDCJ") employees Bryan Collier, Lorie Davis, and Robert Herrera (the "TDCJ Defendants"), the University of Texas Medical Branch ("UTMB") Health Department, and Texas Governor Greg Abbott ("Abbott"). The TDCJ Defendants filed a motion to dismiss premised in part on the affirmative defense of failure to exhaust, and served plaintiff a copy at his address of record on August 26, 2021. (Docket Entry No. 16.) Despite expiration of a reasonable period of time of sixty days, plaintiff has not filed a response, and the motion is deemed unopposed.

Having considered the motion, the record, the exhibits, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this lawsuit for the reasons shown below.

### *Background and Claims*

Plaintiff claims that the TDCJ Defendants failed to protect him from contracting a COVID-19 infection in May 2020 during his incarceration at the Pack Unit.  Plaintiff states that he recovered but "became infected again" on July 25, 2020.  He further contends that they quarantined and monitored him, but provided no medical treatment.  He seeks compensatory damages of $2.5 million, "new policy and rules" of an unspecified nature, and "lifelong medical care (paid)."  (Docket Entry No. 1, p. 7.)

In completing his section 1983 complaint form, plaintiff reported that he had not yet exhausted the prison grievance system, and "will exhaust waiting on grievances to be returned."  *Id*., p. 3.  The TDCJ Defendants argue that plaintiff failed to exhaust available administrative remedies prior to filing this lawsuit, and that his claims should be dismissed as unexhausted.

### *Analysis*

A.    Exhaustion

It is well established that a prisoner who wishes to file a section 1983 lawsuit for damages against prison officers or employees must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  Section 1997e(a) provides that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

To exhaust a claim properly, a prisoner must not only pursue all available avenues of relief, but must also comply with all administrative remedies and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89–95 (2006). If a claim is not properly exhausted prior to the filing of the section 1983 complaint, it must be dismissed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (per curiam).

TDCJ grievance procedures require that inmates complete a two-step grievance process before their claim is considered exhausted. *Rosa v. Littles*, 336 F. App'x 424, 428 (5th Cir. 2009); *Johnson*, 385 F.3d at 515. Inmates must first file a step 1 grievance within fifteen days of the alleged incident. *Rosa*, 336 F. App'x at 428. They may then appeal an adverse step 1 grievance decision by filing a step 2 grievance. *Id*. Both steps of the administrative grievance process must be properly completed to properly exhaust TDCJ's administrative remedies. *See Johnson*, 385 F.3d at 515; *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2004). The Fifth Circuit takes a "strict approach" to the exhaustion requirement, *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), and substantial compliance with the prison grievance process will not suffice. *See Dillon v. Rogers*, 596 F.3d 260, 268

(5th Cir. 2010) ("Under our strict approach, we have found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion. . . .").

The TDCJ Defendants argue that plaintiff failed to exhaust his available administrative remedies through the TDCJ grievance system prior to filing this lawsuit.  In support, they rely on plaintiff's own factual allegations acknowledging that he filed this lawsuit while waiting to exhaust his grievances.  Plaintiff does not allege that the TDCJ grievance process was unavailable, or that he exhausted his step 1 and step grievances prior to filing suit.  Thus, plaintiff's pleadings show that he failed to exhaust available administrative grievance procedures prior to filing this lawsuit.

Fifth Circuit Court of Appeals precedent requires prisoners to fully exhaust available administrative grievance procedures prior to challenging their unsafe conditions of confinement regarding COVID-19.  *See Valentine v. Collier*, 978 F.3d 154, 161–162 (5th Cir. 2020).  Although failure to exhaust is an affirmative defense that can be waived, the TDCJ Defendants here have not waived the defense.  *See*, *e.g.*, *Herschberger v. Lumpkin*, 843 F. App'x 587, 590 (5th Cir. 2021) (emphasizing that "the failure to exhaust administrative remedies is an affirmative  defense and must generally be pled by defendants in order to serve as the basis for dismissal").

Plaintiff's factual allegations demonstrate that his available administrative grievances were unexhausted when he filed this lawsuit.  The TDCJ Defendants are entitled to dismissal of plaintiff's claims against them, predicated on failure to exhaust.

4

B.    Governor Greg Abbott

The TDCJ grievance process does not apply to claims against Governor Greg Abbott, as he is not an employee or official of the prison system.  However, plaintiff pleads no factual allegations raising a viable section 1983 claim against Abbott.  To the extent plaintiff seeks monetary damages against Abbott in his official capacity, his claims are barred by Eleventh Amendment immunity.  *See Otis v. TDCJ*, 812 F. App'x 274, 274 (5th Cir. July 17, 2020). To the extent he seeks monetary damages against Abbott in his individual capacity, plaintiff pleads no factual allegations showing that Abbott had any personal involvement in the incidents giving rise to plaintiff's claims in this lawsuit.

Plaintiff's claims against Abbott are DISMISSED WITHOUT PREJUDICE for failure to plead factual allegations giving rise to a viable section 1983 claim against Abbott.

C.    The UTMB Health Department

Plaintiff additionally names as a defendant the UTMB Health Department.  The Court informed plaintiff on June 28, 2021, that the UTMB Health Department is a non-jural entity that cannot sue or be sued in its own name.  Plaintiff did not subsequently move to substitute a properly-named defendant, and his claims against the UTMB Health Department are DISMISSED WITHOUT PREJUDICE.

To the extent plaintiff intended to name UTMB itself as a defendant, his claims for monetary compensation would not go forward.  UTMB is protected by sovereign immunity as a state university and agency.  A state university enjoys sovereign immunity depending on

5

its status under state law. *Laxey v. La. Bd. of Trustees*, 22 F.3d 621, 623 (5th Cir. 1994). As a component institution of the University of Texas System, *see* TEX. EDUC. CODE ANN. § 65.02(a)(8), UTMB receives the same sovereign immunity protections as the State of Texas. Consequently, UTMB would be entitled to sovereign immunity barring plaintiff's claims for monetary damages.

### Conclusion

The TDCJ Defendants' motion to dismiss (Docket Entry No. 16) is GRANTED. This lawsuit is DISMISSED WITHOUT PREJUDICE for failure to state a viable section 1983 claim. Any and all pending motions are DISMISSED AS MOOT.

Signed at Houston, Texas, on October  28 , 2021.

Gray H. Miller
Senior United States District Judge

6